FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 16 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

JLEESA LIVINGSTON and JAQUEND LIVINGSTON,

                              Plaintiffs,

            -against-

CITY OF NEW YORK; JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
-------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

CV 11 - 0777

JOHNSON,

POLLAK, M.J

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Jleesa Livingston ("Ms. Livingston"), an African-American female, is a resident of Kings County in the City and State of New York.

8. Plaintiff Jaquend Livingston ("Mr. Livingston"), an African-American male, is a resident of Kings County in the City and State of New York. Mr. Livingston is Ms. Livingston's son.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 7:30 a.m. on November 24, 2010, Plaintiffs were lawfully present in their home, located at 127 Kingsboro First Walk, Apt. 3B, in Brooklyn, New York.

14. Members of the New York City Police Department, dressed in riot gear, forcibly entered plaintiffs' home under the guise of an alleged search warrant.

15. If defendants did have a search warrant for plaintiffs' dwelling, it was issued upon the basis of extremely unreliable information, and the police did not follow NYPD policies and procedures in obtaining and executing such a warrant. Revised NYPD policies and procedures were instituted after the tragic death of Ms. Alberta Spruill during a raid in Harlem in May 2003 to ensure the reliability of the NYPD's information before obtaining and executing search warrants.

16. During the course of the search, an officer dressed in riot gear shoved Ms. Livingston with his shield.

17. During the course of the search, Ms. Livingston was subjected to an unlawful strip search inside of her apartment.

18. During the course of the search, officers destroyed a substantial amount of plaintiffs' personal property, including, *inter alia*, a computer, a copy machine, DVDs and CDs, and illegally confiscated Ms. Livingston's camera.

19. Following the search, plaintiffs were arrested and taken to a police precinct.

20. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that plaintiffs had committed crimes and prepared police paperwork and other documents to that effect.

21. The officers had not observed plaintiffs commit any crime.

22. The officers fabricated these statements and prepared these documents in an effort to cover-up their unlawful search of plaintiffs and their apartment and their assault of Ms. Livingston.

23. After being detained for several hours, Ms. Livingston was released from the Precinct.

24. Upon information and belief, the District Attorney declined to prosecute Ms. Livingston.

25. Mr. Livingston was then taken to Brooklyn Central Booking.

26. After being held for over twenty-four hours, Mr. Livingston was released from Central Booking without seeing a judge.

27. Upon information and belief, the District Attorney also declined to

prosecute Mr. Livingston.

28. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

29. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

31. Plaintiffs suffered damage as a result of defendants' actions. Ms. Livingston sustained injuries to her emotional and physical well-being, including, *inter alia*, pain and suffering, emotional distress, loss of liberty, loss of reputation, property damage and loss of property. Mr. Livingston sustained injuries to his emotional and physical well-being, including, *inter alia*, pain and suffering, emotional distress, loss of liberty and loss of reputation.

## **FIRST CLAIM**
**42 U.S.C. § 1983**

32. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

33. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

34. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

35. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

37. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

38. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

40. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### State Law False Imprisonment and False Arrest

41. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

43. Plaintiffs were conscious of their confinement.

44. Plaintiffs did not consent to their confinement.

45. Plaintiffs' confinements were not otherwise privileged.

46. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

47. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FIFTH CLAIM
### Unreasonable Force

48. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

7

49. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Ms. Livingston.

50. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and Battery

51. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

52. By their conduct, as described herein, the defendants are liable to Ms. Livingston for having assaulted and battered her.

53. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

55. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

56. The individual defendants created false evidence against plaintiffs.

57. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

58. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
**Malicious Abuse Of Process**

60. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

61. The individual defendants issued legal process to place plaintiffs under arrest.

62. The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful search of plaintiffs and their apartment and their assault of Ms. Livingston.

63. The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

64. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Hiring/Training/Retention Of Employment Services

65. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

66. Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

67. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

68. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

69. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

70. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Unlawful Strip Search

71. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

72. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected Ms. Livingston to a strip search without legal justification.

73. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

74. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

75. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct had an opportunity prevent such conduct and a duty to intervene and prevent such conduct and failed to intervene.

76. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

77. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### *Monell*

78. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

79. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

80. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

81. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

82.     Federal judges have also recognized such a custom and practice of police officers. According to the Honorable Jack B. Weinstein:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

Colon v. City of New York, 09 Civ 08, 09 Civ 09 (JBW) (E.D.N.Y. Nov. 25, 2009).

83.     The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

84.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

85. These policies, practices, and customs were the moving force behind plaintiffs' injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   February 16, 2011
         New York, New York

HARVIS & SALEEM LLP

_____
Afsaan Saleem
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
asaleem@harvisandsaleem.com

*Attorney for plaintiffs*