

305 Broadway, 14th Floor
New York, NY 10007
Tel: (212) 323-6880
Fax: (212) 323-6881

Gabriel P. Harvis
gharvis@harvisandsaleem.com

Afsaan Saleem
asaleem@harvisandsaleem.com

January 9, 2012

**By ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Jleesa Livingston, et. al. v. City of New York, et al.*, 11 CV 0777 (SJ)(CLP)

Your Honor:

I am the plaintiffs' counsel in the above-referenced case. I write to seek sanctions against defendants' for failing to comply with Your Honor's October 14, 2011 and December 14, 2011 orders.

At the October 14, 2011 court conference, Your Honor ordered plaintiffs to submit a revised list of discovery demands by October 17th. Defendants were then to provide their responses by November 18th. On October 14th, plaintiffs emailed defendants with a revised list of discovery demands. Defendants never provided their discovery responses.

At the December 13th court conference (docketed as December 14th), Your Honor issued several rulings. Your Honor ordered plaintiffs' counsel to submit a stipulation withdrawing the strip search claim. On December 13th, plaintiffs sent defendants a signed stipulation withdrawing that claim. To date, defendants have not returned the stipulation for filing.

Your Honor also ordered defendants to provide responses to outstanding discovery by December 28, 2011. To date defendants have not provided plaintiffs with any responses. Defendants are now in violation of two court orders where they were ordered to provide their responses. Pursuant to Fed. R. Civ. P. 37(b)(2) "[i]f a party. . . fails to obey an order to provide or permit discovery. . . the court where the action is pending may issue further just orders" including, but not limited to, directing that designated facts be taken as established, prohibiting the disobedient party from supporting its defenses, striking defendants' answer, rendering a

default judgment against the disobedient party or treating as contempt of court the failure to obey any order. Plaintiffs seek an order from this court imposing appropriate sanctions.

Pursuant to Fed. R. Civ. P. 37(b)(2)(C) "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure. . ." (emphasis added). Accordingly, plaintiffs seek the imposition of attorneys fees for being forced to seek repeated court intervention to compel discovery. I thank Your Honor for consideration of this request.

Respectfully submitted,

Afsaan Saleem

cc: ACC Steve Stavridis